UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES I. CROSS,

      Plaintiff,                      CIVIL ACTION NO. 10-12379

     v.                               DISTRICT JUDGE DAVID M. LAWSON

HENRY FORD HEALTH              MAGISTRATE JUDGE MARK A. RANDON
SYSTEMS, KINGSWOOD
HOSPITAL, ST. JOSEPH
MERCY HOSPITAL-OAKLAND,
OAKLAND COUNTY CIRCUIT
COURT, LARRY MASUMY,
MOHAMMAD GHAFFARLOO,
HON. LEO BOWMAN, and
HON. ELIZABETH PEZZETTI

      Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS
PLAINTIFF'S CASE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

Before the Court is Plaintiff's amended complaint (Dkt. No. 7) filed in response the court's order to show cause of June 29, 2010 (Dkt. No. 4). The matter was reassigned to the undersigned for hearing and determination of pretrial matters, and Plaintiff was granted *In Forma Pauperis* ("IFP") status on October 13, 2010. For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's complaint, as amended, be **DISMISSED** pursuant to 28 U.S.C. §1915 (e)(2)(B)(i)(ii) and (iii).

**I. BACKGROUND**

Plaintiff's complaint describes a series of bizarre and seemingly unrelated events (Dkt. No. 1). Plaintiff alleges that these events are connected, without providing factual allegations in support

of this conclusion. He also fails to provide a factual basis for averring federal jurisdiction. As best as can be deciphered, Plaintiff's complaint alleges a vast conspiracy between defendants (two doctors, three hospitals, a state court and two of its judges) to fabricate a diagnosis of mental illness; use the diagnosis to kidnap and falsely imprison Plaintiff in a hospital mental ward on two occasions; and thereby deprive him of the ability to personally appear in his divorce proceedings, while protecting the reputation of a doctor who, Plaintiff implies, made an unwanted sexual advance toward him two years earlier. Plaintiff's complaint lists counts of: false imprisonment (Count I), conspiracy (Count II), negligent or intentional infliction of emotional distress (Count III), assault and battery (Count IV), and defamation of character (Count V). These counts, in the absence of "state action" of some kind, assert state – not federal – claims.

On June 29, 2010, the district court ordered Plaintiff to file an amended complaint with proper allegations supporting jurisdiction or show cause in writing why his complaint should not be dismissed for want of subject matter jurisdiction on or before July 20, 2010. (Dkt. No. 4) The district court's order to show cause discussed Plaintiff's failure to plead that defendants acted under color of state law, the requirement to do so, and exceptions to the state action requirement. On July 14, 2010, Plaintiff filed an amended complaint in response to the order to show cause. (Dkt. No. 7) Plaintiff's amended complaint differs from his original complaint in that it: (1) contains extensive references to attached exhibits; (2) cites the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in addition to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, as a basis for federal jurisdiction (Dkt. No. 7, p. 2); (3) alleges that the "collective actions" of defendants raised "Due Process and Substantive Due Process issues" (Dkt. No 7, p. 3); (4) alleges that "Oakland County Circuit Court knowingly provided 'shelter' to contrived, malicious prosecution, under guise

of prosecution of an asset-less and childless divorce. . . . Color of law, state, is facial"; (5) alleges that the length of his divorce proceedings (fifteen months) "show[s] the Color of Law, and weight and complicity of the State in this case" (Dkt. No. 7, p. 5); and (6) alleges the state court judge was "acting under color of state law" when she entered an order for Plaintiff to be involuntarily hospitalized for a period of time (Dkt. No. 7, p. 7). For the reasons discussed below, Plaintiff's amended complaint is unavailing and should be dismissed.

## II. DISCUSSION

With respect to cases proceeding IFP, the court must screen the complaint for merit under 28 U.S.C. § 1915(e)(2)(B), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>  . . .
> (B) the action or appeal –
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

### A. Motion to Dismiss Standard

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P.12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *See Evans-Marshall v. Board of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet, "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Although a heightened fact pleading of specifics is not required, the plaintiff must bring forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 566 U.S. at 1950.

Though decidedly generous, this standard of review does require more than the bare assertion of legal conclusions. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 550 U.S. at 555 (citations omitted). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on different grounds by *Twombly*, 550 U.S. 544). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

A *pro se* litigant's complaint is to be construed liberally. *See Middleton v. McGinnis*, 860 F.Supp. 391, 392 (E.D. Mich. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Further, because access to the courts is essential to the enforcement of laws and protection of the values that are rooted deeply in our democratic form of government, this Court may not treat lightly the claims

of any litigant, even those whose contentions appear fantastic and baseless on their face. Each complaint is entitled to a thorough review to determine whether it has merit and states a federally cognizable claim. The cost of this sound judicial policy, measured in the expenditure of judicial resources, is one that is well worth the benefit of open access to the judicial process. *See Dekoven v. Bell*, 140 F.Supp.2d 748 (E.D. Mich. 2001).

### B. Plaintiff has failed to state a claim against defendants

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *See Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). At issue here is the "under color of state law" requirement.

In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974). Private parties who jointly participate with a state actor – such as a judge – in the challenged action are acting "under color" of law for purposes of § 1983 actions. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). However, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Id*. at 28. Rather, establishing joint

participation involving a judge requires a showing that the judge conspired with the private parties to violate a person's constitutional rights. *Id.*

Notwithstanding the court's admonition, Plaintiff's amended complaint makes no allegations that defendants Henry Ford Health Systems, Kingswood Hospital, St. Joseph Mercy Hospital - Oakland, Dr. Larry Masumy or Dr. Mohammad Ghaffarloo (collectively "the non-judicial defendants") acted under color of state law. Without any supporting facts, Plaintiff's amended complaint does conclude that "collective actions" of defendants raised "Due Process and Substantive Due Process issues" (Dkt. No 7, p. 3) and, that the judges were engaged in state action in performing their judicial functions. However, even under the liberal construction afforded pro se litigants, Plaintiff's amended complaint falls woefully short of alleging conspiratorial conduct between the judicial and non-judicial defendants sufficient to deem the non-judicial defendants state actors. For example, Plaintiff's amended complaint fails to allege any concerted actions between the judicial and non-judicial defendants or any common goals or plans to deprive Plaintiff of his constitutional rights. As such, Plaintiff has failed to state a claim upon which relief can be granted.

**C. Oakland Circuit Court and its two judges are also immune from liability**

The Eleventh Amendment provides states immunity from suit by private citizens in federal courts. *Lawson v. Shelby County, Tennessee*, 211 F.3d 331 (6th Cir. 2000). There are only three qualified exceptions to this grant of immunity. First, the grant of immunity may be waived by the state; second Congress may, in certain constitutionally mandated circumstances, abrogate the states' immunity through statute, and third "a federal court may enjoin a 'state official' from violating federal law." *Id. at 334-335* (citing *Ex parte Young*, 209 U.S. 123 (1908)).

The state of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and § 1983 does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Additionally, the language of § 1983 itself does not permit suits against a state or its agencies. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989). Accordingly, the Oakland County Circuit is immune from liability for cases filed under § 1983. *Geller v. Washtenaw County*, 2005 WL 3556247 (E.D. Mich. 2005) (Borman, J.) (state district court is an arm of the state protected by Eleventh Amendment immunity); *Horton v. 48th District Court*, 2006 WL 3240663 (E.D. Mich. 2006) (Cohn, J.) (same).

Furthermore, judges have long been held to be absolutely immune from being sued on account of their judicial acts. *Cullinan v. Abramson*, 128 F.3d 301, 307-308 (6th Cir.1997); *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). For these reasons, to the extent Plaintiff's amended complaint could be deemed to allege that Oakland County Circuit Court and its two judges engaged in state action that violated his constitutional rights, Plaintiff's lawsuit should still be dismissed.

### III. CONCLUSION

Following a careful review of Plaintiff's amended complaint the undersigned concludes that it is frivolous; fails to state a claim on which relief may be granted; and seeks monetary relief against defendants who are immune from such relief. Therefore, **IT IS RECOMMENDED** that Plaintiff's lawsuit be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver

of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: October 18, 2010

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 18, 2010, by electronic and/or ordinary mail.*

s/Melody R. Miles
*Case Manager to Magistrate Judge Mark A. Randon*
*(313) 234-5542*

Mailed to:
   **Charles I Cross**
   29488 Woodward Ave, #193
   Royal Oak, MI 48073-0903